# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HERVE GUERRIER, | ) | |
| | ) | 3:12-cv-00320-RCJ-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| HOMELAND SECURITY—ICE, | ) | |
| | ) | |
| Defendant. | ) | October 31, 2012 |
| | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by his *pro se* complaint, which was filed on June 13, 2012 (#1; #1-1).[1] The court has thoroughly reviewed the record, and recommends that plaintiff's application to proceed *in forma pauperis* (#1) be granted, but that plaintiff's complaint (#1-1) be dismissed with prejudice.

**I. Plaintiff's Application to Proceed *In Forma Pauperis***

Based on the financial information provided as a supplement to plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to prepay the full filing fee in this matter (#3). Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted. Plaintiff shall not be required to pay an initial installment of the filing fee. However, plaintiff must still pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

---

[1] Refers to the court's docket numbers.

## II. Screening Pursuant to 28 U.S.C. § 1915

A federal court must dismiss a case in which *in forma pauperis* status is granted if the court determines that the plaintiff's claims are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (section 1915(e) applies to all *in forma pauperis* complaints—not just those filed by prisoners). Accordingly, the court will now review plaintiff's complaint (#1-1).

## III. Plaintiff's Complaint

Plaintiff has filed an alleged civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Homeland Security—ICE ("ICE"). In the complaint, plaintiff alleges he entered the United States in 1972 and obtained legal permanent resident ("LPR") status (#1-1, p. 4). In 1988, plaintiff was convicted of "petite theft with a prior"—an alleged gross misdemeanor—and was sentenced to sixteen months in prison. *Id.* Upon release, plaintiff was placed on parole for a term of four years. *Id.* In 1994, while still on parole, plaintiff's ex-wife accused him of a sex crime and plaintiff was arrested. *Id.* at 4-5. The charges were dismissed three months later; however, plaintiff's parole was revoked and he was sent back to prison for the remainder of his sentence. *Id.* When the term expired, plaintiff was informed that "immigration ha[d] placed a detainer against [him]." Thereafter, plaintiff was transferred to an immigration facility in Arizona. *Id.* at 5. Plaintiff appeared before an immigration judge, but the hearing was rescheduled. *Id.* During this time, plaintiff alleges that ICE held him in an "illegal incarceration" and failed to advise plaintiff of his immigration rights, such as the right to counsel and the right to consular access pursuant to the Vienna Convention. *Id.* At plaintiff's second hearing, the immigration judge pronounced plaintiff to be "deportable." Thereafter, plaintiff was removed to Haiti. *Id.* at 6, 8.

Plaintiff contends that ICE had no grounds to remove plaintiff from the United States, as plaintiff's conviction for "petite theft with a prior" was not a crime of moral turpitude. *Id.* at 9. Plaintiff also contends that ICE's actions in removing plaintiff to Haiti constituted cruel and unusual punishment, in violation of the Eight Amendment. *Id.* at 10.

In 2008, plaintiff was arrested in Las Vegas on shoplifting charges and was convicted of burglary and grand larceny. *Id.* at 12. Plaintiff's pre-sentence report indicated that he had been born in Haiti; he had been arrested in San Diego in 1980 for "attempt[ed] entry by false claim;" and he had been removed from the United States in 1995.[2] *Id.* at 13. In 2009, plaintiff was sentenced to 24—120 months in prison. *Id.* at 14. On September 19, 2012, plaintiff was granted parole (#8, p. 1) and on October 10, 2012, plaintiff was transferred to a "Homeland Security facility in Las Vegas" (#10, p. 1).

Plaintiff now brings four claims against ICE, as follows:

Count 1:  fraud and conspiracy for improperly revoking plaintiff's LPR status;

Count 2:  deprivation of due process for "illegal incarceration," depriving plaintiff of his right to be represented by counsel of his choice, and failing to inform plaintiff of his right to consular access pursuant to the Vienna Convention.

Count 3:  intentional infliction of emotional distress for removing plaintiff to Haiti.

Count 4:  deprivation of due process for refusing to grant plaintiff's request for a "final disposition of the detainer." *Id.* at 16-18.

---

[2] The pre-sentence report also stated that there was no record that plaintiff had re-entered the United States legally. *Id.*

Plaintiff requests relief, as follows: (1) an injunction against Homeland Security—ICE to prevent plaintiff's removal from the United States, and an order to restore of plaintiff's LPR status; (2) a trial by jury; (3) leave to amend his complaint; and (4) costs of suit.

**IV.  Discussion**

The court finds that plaintiff's complaint fails to demonstrate that this court has jurisdiction over plaintiff's case.  Although plaintiff has filed what purports to be a civil rights complaint pursuant to 42 U.S.C. § 1983, the relief plaintiff seeks is judicial review of plaintiff's past and current removal orders and an injunction to prevent the current removal order from being carried out.  In other words, while the alleged unconstitutionality of plaintiff's 1995 "illegal incarceration" and his removal to Haiti are the *grounds* for the relief plaintiff seeks, the *relief* sought is an order from the district court declaring that federal immigration officials may not lawfully remove plaintiff from the United States.  The district court does not have jurisdiction to grant such relief.

The REAL ID Act, 8 U.S.C. § 1252(a)(5), specifies that the exclusive method for obtaining judicial review of a final order of removal is to file a petition for review in the Court of Appeals.[3] *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881, 886

---

[3] 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(2)(D) provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

(9th Cir. 2007) ("The REAL ID Act changed the statutory regime . . . by eliminating all district court habeas jurisdiction over orders of removal." (internal citations omitted)).  Here, plaintiff is allegedly subject to a final order of removal and is seeking federal judicial intervention to preclude its enforcement.  Thus, under the REAL ID Act, plaintiff must pursue judicial review of his removal order in the Court of Appeals—not via a civil rights complaint in the federal district court.  *See id.* ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the courts of appeals)[.]" (citations omitted)).  Accordingly, the court recommends that plaintiff's civil rights complaint (#1-1) be dismissed.

**V.  Conclusion**

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint (#1-1) be **DISMISSED WITH PREJUDICE**.  Leave to amend is not appropriate because it is clear that plaintiff's complaint fails to state a claim upon which relief in this court may be granted, and that the deficiencies cannot be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties should be aware of the following:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal

pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

DATED: October 31, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**